```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                             :
                                             :      MEMORANDUM & ORDER
             v.                              :      23-CR-8 (WFK)
                                             :
                                             :
CALVIN TABRON,                               :
                                             :
                        Defendant.           :
-----------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 28, 2024, Defendant pled guilty to Count One of a seven-count Indictment, charging him with Firearms Trafficking Conspiracy, in violation of 18 U.S.C. § 933. Plea Agreement ¶ 1, ECF No. 73; Indictment ¶¶ 1–8, ECF No. 1. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to sixty-three (63) months' custody, to be followed by two years' supervised release with both the standard and special conditions of supervision; and payment of a $100.00 mandatory special assessment.

I. **Background**

Defendant participated in a conspiracy to sell drugs and firearms to an undercover officer. On January 5, 2022, co-defendant David McCann met with an undercover law enforcement officer in Brooklyn, New York, to exchange telephone numbers. Sealed Presentence Investigation Report ("PSR") ¶¶ 7–8, ECF No. 86. The undercover officer posed as a drug dealer and expressed a desire to purchase firearms from McCann for resale. *Id.* ¶ 6. Approximately two days later, McCann and a co-conspirator sold controlled substances to the undercover officer. *Id.* ¶ 7. Over the next six months, McCann arranged several such meetings where the undercover officer purchased firearms and drugs from McCann and his co-conspirators. *Id.*

In May 2022, McCann introduced the undercover officer to Defendant and co-defendant Tajhai Jones, both of whom resided in Virginia. *Id.* ¶ 10. Defendant purchased firearms in Virginia and drove them to New York to resell in furtherance of the conspiracy. *Id.*

1

In total, the co-conspirators sold fifty-five (55) firearms to the undercover officer. *Id.* ¶ 11. Some of these firearms were semi-automatic and compatible with large capacity magazines; at least two of them had been used in prior shootings involving bodily injury. *Id.* ¶ 9. Defendant himself was responsible for trafficking eighteen (18) of these firearms from Virginia to New York. Gov't Sent'g Mem. at 2.

## II.    Legal Standard

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider six different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid

unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

### III.   Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

##### 1. *Family and Personal Background*

Defendant was born on July 15, 1997, in Virginia Beach, Virginia. PSR ¶ 51. He describes his childhood as "normal." *Id.* ¶ 54. He was raised under average economic circumstances by both parents, despite their being separated and married to others. *Id.* ¶¶ 51, 54. Defendant's father currently works as a jackman for Virginia Paving; Defendant's mother is a hair stylist. *Id.* ¶ 51. Defendant has good relationships with his parents and stepparents, who are all aware of the instant offense and supportive. *Id.* Defendant has a maternal half-brother who is attending college. *Id.* ¶ 53. Defendant's half-brother is aware of the instant offense and supportive. *Id.*

Defendant is single. *Id.* ¶ 55. He has one child from a prior relationship: a five-year-old daughter. *Id.* Defendant voluntarily provides child support to his child's mother. *Id.* ¶¶ 55–56. He also cares for his child's mother when she suffers from postural orthostatic tachycardia syndrome (POTS), an ailment that causes her to faint often. *Id.*

2. *Educational and Employment History*

Defendant graduated from Frank W. Cox High School in 2015. *Id.* ¶ 69. He attended Bryant and Stratton College for three semesters before withdrawing from his classes to work. *Id.* ¶ 68.

From 2018 to 2019, Defendant worked as an apprentice at BAE Systems Norfolk Shipyard. *Id.* ¶ 75. From 2019 to 2021, Defendant was unemployed. *Id.* ¶ 74. Beginning in 2021, Defendant worked part-time at Kids Footlocker. *Id.* ¶ 73. Since his arrest, Defendant has been working as an assistant manager at Take 5 Oil Change in Portsmouth, Virginia. *Id.* ¶ 72; Def. Sent'g Mem. at 4–5. He is currently up for a promotion. Def. Sent'g Mem. at 5.

3. *Prior Convictions*

Defendant has prior convictions for Reckless Driving, Speeding, No Driver's License, Failing to Have Vehicle Inspected, Improper Turn, Driving Under License Revocation or Suspension, and Failing to Stop or Yield When Entering Highway. *Id.* ¶¶ 37–44. None of these convictions result in criminal history points, so Defendant has a criminal history score of zero (0). *Id.* ¶ 45.

4. *Physical and Mental Health*

Defendant has hidradenitis suppurativa (HS), a chronic skin condition. *Id.* ¶ 60. Defendant recently suffered a serious neck injury while playing basketball, for which he underwent surgery. Addendum to the PSR, ECF No. 110; Def. Sent'g Mem. at 5. The surgery appears to have been successful. Def. Sent'g Mem. at 5.

Defendant has experienced minor depression but has never been diagnosed with a mental or emotional health condition. *Id.* ¶ 62. He gambles between $200.00 and $300.00 per month at casinos. *Id.* ¶ 63. Defendant reports he can control his gambling. *Id.*

### 5. *Substance Abuse*

Defendant states he has never used drugs. *Id.* ¶ 65. Defendant consumes alcohol approximately twice a week. *Id.* ¶ 66.

### 6. *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense. *See supra* Part I.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's conduct. Defendant trafficked eighteen firearms from Virginia to New York for resale by his co-conspirators, who sold over fifty firearms to an undercover officer. Government Sentencing Memorandum ("Gov't Sent'g Mem.") at 2, ECF No. 136. Defendant's crimes pose a grave threat to public safety, especially in New York City, where "guns are tools of the trade and gun violence [is] a routine form of communication" for organized crime syndicates. *United States v. Cavera*, 550 F.3d 180, 204 (2d Cir. 2008) (Raggi, J., concurring). The Court's sentence will deter others from engaging in similar conduct, justly punish Defendant for his crimes, and protect the citizens of this district. Accordingly, the Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3). Defendant pled guilty to one count of Firearms Trafficking Conspiracy, in violation of 18 U.S.C. § 933. Plea Agreement ¶ 1.

Defendant faces a maximum term of imprisonment of fifteen years and no minimum term of imprisonment. 18 U.S.C. § 933. Defendant also faces a maximum term of supervised release of three years. 18 U.S.C. § 3583(b)(2). If a condition of release is violated, Defendant may be sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision. *Id.* §§ 3583(b) and (e). Defendant is eligible for between one- and five-years' probation. 18 U.S.C. § 3561(c)(1). Unless extraordinary circumstances exist, the Court must impose one of the following as a condition of probation: a fine, restitution, or community service. 18 U.S.C. § 3563(a)(2).

In addition to facing terms of imprisonment and supervised release, Defendant faces a maximum fine of $250,000.00, or twice the gross gain or twice the gross loss caused by the offense. 18 U.S.C. §§ 3571(b)(3) and (d). Finally, the Court is required to impose a mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013(a)(2)(A).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

Defendant pled guilty to one count of Firearms Trafficking Conspiracy, in violation of 18 U.S.C. § 933. Indictment ¶ 1; Plea Agreement ¶ 1.

The applicable Guideline for Firearms Trafficking Conspiracy is U.S.S.G. §2K2.1. Defendant has a base offense level of 20 under U.S.S.G. §2K2.1(a)(4) because the offense involved a semiautomatic weapon capable of accepting a large capacity magazine and Defendant was convicted under 18 U.S.C. § 933. Six levels are added under U.S.S.G. §2K2.1(b)(1)(C) because the offense involved between 25 and 99 firearms (specifically, 55 firearms). Another four levels are added pursuant to U.S.S.G. §2K2.1(b)(5) because Defendant was involved in the trafficking of firearms to an individual who "intended to use or dispose of the firearms unlawfully." These adjustments result in an adjusted offense level of 30.

Three levels are subtracted because Defendant timely accepted responsibility under U.S.S.G. §3E1.1(a)–(b). The parties also agreed to the one-level reduction for reaching a global resolution under U.S.S.G. §5K2.0.

Probation recommends a sentence of sixty-three (63) months' imprisonment, two years' supervised release with special conditions, and a $100.00 mandatory special assessment. Revised Probation Department Sentence Recommendation ("Prob. Sent'g Rec.") at 1, ECF No. 138-1. The Government recommends a sentence within the Guidelines range of 63–78 months' imprisonment. Gov't Sent'g Mem. at 1. Defense counsel recommends a below-Guidelines sentence of time served and a period of supervised release with eighteen (18) months' home confinement. Def. Sent'g Mem. at 1. The Court appreciates the sentencing arguments raised by all parties and has considered each in turn.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

The parties have not drawn the Court's attention to any applicable policy statements. Finding none on its own, the Court proceeds to the next § 3553(a) factor.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

This Court sentenced Defendant's co-defendants as follows: David McCann to 108 months' imprisonment; Tajhai Jones to 97 months' imprisonment; and Raymond Minaya to 135 months' imprisonment. *See* Judgments, 23-CR-8, ECF Nos. 108, 120, 134. Defense counsel argues granting Defendant a below-Guidelines sentence of time served in this case would not create unwarranted sentencing disparities. Defense counsel notes that Defendant's co-defendants, unlike Defendant, had serious criminal histories, participated in narcotics trafficking, or both. Def. Sent'g Mem. at 20–21. For these and other reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the sixth § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). While restitution is not mandatory in this case, Defendant agrees in his plea agreement to pay restitution in the full amount of each victim's losses as determined by the Court under 18 U.S.C. §§ 3663 and 3664.

### IV. Conclusion

For the reasons set forth above, the Court sentences Defendant to sixty-three (63) months' custody; to be followed by two years' supervised release with both the standard and

special conditions of supervised release; and the mandatory $100.00 special assessment. The Court excuses Defendant from the mandatory drug testing provisions of 18 U.S.C. § 3563(a)(5) and 3583(d). This sentence is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine given Defendant's apparent inability to pay.

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report and the Addenda thereto, as corrected herein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 2, 2025
      Brooklyn, New York